■ MARIAN H. P. NICHOLS, Individually and as Executrix of FRED C. PFEIFER, Deceased, et al., Appellants, v. STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Respondent.— Order unanimously reversed, with $25 costs and disbursements and motion denied, with $10 costs. Memorandum: The trial court erred in directing that Marian Nichols, individually and as executrix, be dropped as a party plaintiff. Such relief could have been granted only upon a showing that the joinder might operate to the prejudice of the moving party and the burden of showing such prejudice was on the latter (2 Carmody-Wait, New York Practice, § 42, p. 570). No such proof was here submitted. To the contrary the appellants by their answering affidavits established that the purposes for which the trust agreement had been made had been accomplished except for the collection of any amount due under the double indemnity provision of the insurance contract. A provision of the trust agreement stated that the trustee was not required to maintain such litigation until it was indemnified against all expenses and liabilities which might be incurred thereby. Such indemnity had not been required because the executrix, as coplaintiff, had engaged attorneys to conduct the litigation who would look solely to her for compensation. Moreover, the remaining proceeds of the insurance contract, if collected, were the property of the estate. The sole remaining duty of the trustee would be the ministerial act of paying such proceeds to the executrix. The latter was a proper party plaintiff and should not have been eliminated from the litigation. (Appeal by plaintiffs from order of Onondaga Special Term granting defendant's motion to drop Marian H. Pfeifer Nichols, individually and as executrix, as party plaintiff.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.